UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:12CV-P65-M

FREDERICK LUMANS ALEXANDER                                                    PLAINTIFF

v.

HOPKINS COUNTY JAIL et al.                                                    DEFENDANTS

MEMORANDUM OPINION

Plaintiff, Frederick Lumans Alexander, initiated this civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed.

I. SUMMARY OF CLAIMS

Plaintiff, a convicted prisoner, sues the Hopkins County Jail (HCJ) and, in their individual and official capacities, the following HCJ employees: Dr. Daniels; Jailer Joe Blue; and Nurses Blake and Faulkin. He also sues Counselor Zirclebach, but does not indicate in what capacity. He alleges that when he arrived at HCJ he did not receive a physical for eleven days. He states that he notified staff of a possible pinched nerve in his back but the medical staff seemed "to write if off as a strained muscle." In his original complaint,[1] he states that he has had no x-rays or seen a doctor. He states that he filled out numerous sick-call forms only to be told to "'purchase off of canteen'" even though "they are well aware I am indigent." He states that

---

[1] The original complaint in this case was a letter from Plaintiff in which Plaintiff complained of treatment regarding a pinched nerve in his back, teeth which needed to be removed, needing a vision test for glasses, and not having access to a law library or legal aides. However, when Plaintiff filled out the complaint form as ordered by this Court he only included claims regarding his back pain and added a claim regarding heartburn. The Court therefore will not consider his allegations regarding his teeth, eyes, or access to a law library or legal aides.

he is in constant pain and the only things he has received are "robaxin (a generic muscle relaxer) and Ibuprofen and muscle rub <u>none</u> of which helped at all." He also alleges that when he was incarcerated in Jefferson County he was prescribed Zantac for severe/chronic heartburn and that he always took it in the evening but at HCJ they have only offered it to him one time, in the morning, and so he refused it. He states that he thought he was just refusing to have it in the morning, but he has not been given Zantac in the morning or the evening since his refusal. However, one of the exhibits to his complaint is a sick call request form in which he asks for his heartburn medication and the response stated "I/M Alexander you may purchase acid reflux meds from commissary per M.D." He also alleges that even though he told "medical" that 800 milligrams of IBU upsets his stomach he was told that they would not bring his meds any later or earlier than 4 p.m. and 4 a.m. even though they serve lunch at 11 a.m. and dinner at 6 p.m. He states that he did not want to take the medication on an empty stomach so he spit it out so he could take it at 6 p.m. after he ate "but they wrote me up for hoarding medication and put me in the Hole for 15 days." He attaches numerous exhibits to his complaints. Plaintiff asks for monetary and punitive damages and injunctive relief.

## II. <u>ANALYSIS</u>

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Eighth Amendment to the U.S. Constitution protects against cruel and unusual punishment of prisoners, including denial or inadequate medical care. To establish an Eighth Amendment violation premised on inadequate medical care, a prisoner must demonstrate that the defendant acted, or failed to act, with "deliberate indifference to serious medical needs." *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)); *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 843 (6th Cir. 2002). Thus, to state a cognizable claim, a prisoner must show that the official "acted or failed to act despite his knowledge of a substantial risk of serious harm" to the inmate. *Terrance*, 286 F.3d at 843 (quoting *Farmer*, 511 U.S. at 842). Less flagrant conduct, however, may still evince deliberate indifference where there is "a showing of grossly inadequate care as well as a decision to take an easier but less efficacious course of treatment." *Id.* (quoting *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999)). Such grossly inadequate care is "medical treatment 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" *Id.* at 844 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir.

1989)).

Not every claim of inadequate medical treatment states an Eighth Amendment violation. *Estelle*, 429 U.S. at 105. A difference of opinion between the inmate and the prison medical official(s) concerning diagnosis or treatment does not constitute a constitutional violation. *Id.* at 107. Nor does negligent medical care constitute a constitutional violation without deliberate indifference resulting in substantial harm. *Id.* at 106; *Johnson v. Leonelli*, No. 99-6220, 2000 WL 1434767, at *1 (6th Cir. Sept. 19, 2000). Further, the courts make a distinction between cases in which there is a complete denial of medical care and those where the claim is one of inadequate medical treatment. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*

According to his complaint, Plaintiff arrived at HCJ on May 11. He filed suit on his own paper in an envelope postmarked May 14, 2012. In response to the Order for Plaintiff to fill out a § 1983 complaint form, Plaintiff signed that completed form on July 11, 2012. That document explains that he did see the doctor at HCJ on June 12 or 13 and was told that he would see a surgeon "but since then I've been told that the Dr. cancelled but no reason why."

Thus, according to the complaint, between May 11, when he entered HCJ, and July 11, he has seen a doctor, he has been given robaxin (a generic muscle relaxer), Ibuprofen, and a muscle rub. He also has been given Zantac, but because it was given to him in the morning instead of the evening, he refused it. However, it was available for purchase from the commissary. On September 6, the Court was informed that Plaintiff was transferred to Roederer

Correctional Complex.

Here, Plaintiff received medical attention for his complaints regarding pain and heartburn. The crux of his complaint is really just a disagreement with the medical treatment he has received. As such, it does not rise to the level of a constitutional claim. *See Estelle*, 429 U.S. at 107. Therefore, by separate Order, the Court will dismiss Plaintiff's complaint for failure to state a claim. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 357 (6th Cir. 2006) (affirming dismissal by district court for failure to state a claim for deliberate indifference to serious medical needs where prisoner's allegation only evidenced a disagreement with treatment).

Date: October 2, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc:  Plaintiff, *pro se*
     Defendants
4414.009